THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAURA HALLEN | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:20-cv-6768 |
| | ) | |
| v. | ) | Plaintiff Demands A Trial By Jury |
| | ) | |
| THE KELLEN COMPANY | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiff LAURA HALLEN (hereinafter "Plaintiff" or "Hallen"), through her undersigned counsel, seeks redress against Defendant KELLEN COMPANY (hereninafter "Kellen Company", "Employer", or "Defendant") and states as follows:

1. Plaintiff brings this action for violations of the Age Discrimination in Employment Act ("ADEA"), as amended, pursuant to 29 U.S.C. § 621 et seq. (Count I) Plaintiff seeks declaratory, compensatory, and equitable relief.

2. This Court has subject jurisdiction over Plaintiff's ADEA claim pursuant to 29 U.S.C. § 626(c).

3. Venue in this court is proper for purposes of Plaintiff's ADEA claim pursuant to 29 U.S.C. § 626(c).

4. Plaintiff is a citizen of the United States who resides in this judicial district.

5. Plaintiff is over forty (40) years of age.

1

6. Plaintiff was hired with the Defendant on or about November 9, 2011.

7. At all relevant times, Defendant has been continuously engaged in an industry affecting commerce and doing business in this judicial district.

## Administrative Proceedings

8. On March 10, 2010, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination based upon her age and retaliation.

9. Plaintiff's EEOC Charge was filed more than sixty (60) days prior to bringing this claim.

10. On or about October 20, 2020, Plaintiff received a notice of right to sue from the EEOC on his charge.

11. Plaintiff's age discrimination claim is timely filed within 90 days of the receipt of the notice of right to sue.

## Factual Allegations Common to All Counts

12. Since November of 2011, Plaintiff has worked for Defendant in various positions and her last position before termination was Client Experience Manager.

13. Hallen was well liked and respected.

14. During Hallen's tenure with Defendant, the Plaintiff worked late hours, performed numerous tasks, and wore many different hats during her employment.

15. Several months prior to her termination, Hallen experienced overt discrimination based on her age.

16. More specifically, an employee, Cathy Berra, stated that she believed that Plaintiff's alleged performance issues were directly tied to her age.

17. Berra was the Director of Operations during the times these statements were made about Plaintiff's age and offered no apologies for her insensitivity.

18. Berra initiated multiples calls to Hallen and continued to reference her age in connection with her employment and her performance.

19. On at least one occasion, Berra asked Hallen how much longer she intended to work and asked if she would consider retirement because of her age.

20. Plaintiff complained to Berra that mentioning her age appeared to be age discrimination and that she wanted to file a complaint.

21. Berra failed to report her actions to anyone and ignored Plaintiff's complaints.

22. Berra sent multiple emails to Plaintiff alleging performing issues but during her calls to Plaintiff she mentioned her age as a problem connected to her performance.

23. In addition to Berra's statements, another employee, Terrance Roche, supported Berra's comments and made similar claims that Hallen's age was a factor in her performance.

24. During one meeting during 2018, Hallen felt uncomfortable as Roche asked questions about her home life and her desire to be at home more.

25. Roche additionally mentioned talk of retirement to Hallen on at least 4 occasions and referenced her alleged performance issues being related to her age.

26. Plaintiff complained that Roche's statements were inappropriate and illegal, and Defendant failed to address her complaints.

27. After Roche mentioned retirement to Plaintiff, he prepared a performance written warning on or about January 10, 2019 containing inaccurate information.

28. Hallen expressed to Roche that she was uncomfortable with any reference to her age and shortly after she complained to Roche, she was terminated.

29. Based on Plaintiff's complaint of age discrimination and the timing of her termination, Plaintiff reasonably believed she had been retaliated against for engaging in a protected activity and terminated.

## COUNT I
**(Violation of Age Discrimination in Employment Act of 1967)**

30. Plaintiff re-alleges and incorporates by references paragraph 1-29 above as if fully set forth herein.

31. At all relevant times, Defendant was and is an "employer" within the meaning of the ADEA. At all relevant times, Plaintiff was employed by Defendant and was an "employee" of Defendant within the meaning of the ADEA.

32. Plaintiff filed a charge of discrimination with the EEOC, alleging age discrimination more than sixty (60) days prior to bringing this claim.

33. Defendant acted intentionally and in bad faith when it terminated Plaintiff based on her age.

34. Defendant, as an employer is subject to the requirements of the ADEA.

4

35. Defendant, as an employer should not discriminate against its employees because of their age.

36. Defendant, as an employer, has an obligation to ensure that its employees are not discriminated against based on their age and are not terminated from their employment or any position for discriminatory reasons.

37. Defendant, as an employer, should have a policy against discrimination, including age discrimination.

38. Defendant violated federal law by discriminating against Hallen based on her age and then terminating her.

39. By reason of the foregoing, Defendant discriminated against Hallen because of her age in violation of 29 U.S.C. § 623(a).

40. Defendant's conduct has resulted in damages to Plaintiff including but not limited to lost wages and benefits, emotional distress and humiliation, future pecuniary losses, attorney's fees, and other damages.

### Count II
### Retaliation In Violation of Title VII-42 U.S.C. § 2000 *et. seq.*

41. Plaintiff re-alleges and incorporates by reference paragraphs 1 thru 40 above as if fully set forth herein.

42. As discussed in more detail *supra*, Plaintiff further alleges that Defendant as Plaintiff's employer retaliated against her for engaging in protected activity in violation of 42 U.S.C. § 2000e-3(a) (*i.e.* complaining that she was being discriminated against based on her age).

43. Plaintiff opposed a discriminatory practice when she complained to her superiors that she felt he was being discriminated against based on her age and that she experienced retaliation after complaining of age discrimination.

44. Plaintiff complained that no disciplinary action had been taken against her until she complained about age discrimination.

45. After Plaintiff made these complaints, her employer ultimately terminated her.

46. Defendant's conduct has resulted in damages to Plaintiff including but not limited to lost wages and benefits, emotional distress, and humiliation, future pecuniary losses, Attorney's fees, and other damages.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

    A.    All wages and benefits Plaintiff would have received but for the ADEA violations, including but not limited to back pay, front pay, pre-judgment interest, and restoration of job assignments;

    B.    Compensatory and punitive damages and any other relief Plaintiff is entitled.

    C.    A permanent injunction enjoining Defendant from engaging in the practices complained of herein;

    D.    A permanent injunction requiring that Defendant adopt employment practices and policies in accord and conformity with the requirements of the ADEA;

    E.    The Court retain jurisdiction of this case until such time as it is assured that Defendant have remedied the policies and practices complained of herein and are determined to be in full compliance.

      F.      An award of reasonable attorneys' fees, costs, and litigation expenses; and

      G.      Such other relief as the Court may deem just or equitable.

Respectfully submitted,

LAURA HALLEN
s/Andre P. Gaston

Plaintiff's Attorneys

*Electronically filed on November 15, 2020*

Andre P. Gaston, ARDC # 6307509
The Law Office of Andre P. Gaston, P.C.
1901 North Roselle Road, Suite 800
Schaumburg, Illinois 60195
Phone:    630.560.3692
Facsimile: 630.566.0367
E-mail:  andre.gaston@agastonlaw.com